UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CR-20887-MOORE/MCALILEY

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JUAN DIEGO RESTREPO CADAVID,

    Defendant
_____/

## **REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

    The Honorable K. Michael Moore referred this matter to me to conduct a change of plea hearing for the Defendant Juan Diego Restrepo Cadavid. (ECF No. 101). I held that hearing on January 10, 2023, and for the following reasons recommend that the Court accept Defendant's plea of guilty.

    1.    At the outset of the hearing, I told Defendant of his right to have these proceedings conducted by the Judge Moore, the presiding District Court Judge. I also advised Defendant that Judge Moore would sentence Defendant, and make all findings and rulings concerning the Defendant's sentence.

    2.    Defendant was made aware that he did not have to permit this Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by Judge Moore. Defendant, Defendant's attorney and the Assistant United

States Attorney all agreed on the record and consented to my conducting the change of plea hearing.

3. I conducted the plea colloquy with Defendant in accordance with Federal Rule of Criminal Procedure 11.

4. The parties entered into a written plea agreement and had that document with them at the hearing; the plea agreement was thereafter filed with the Court. I reviewed that plea agreement on the record and Defendant acknowledged that he carefully read that agreement, signed it, and agreed to its terms. Pursuant to that agreement, Defendant pled guilty to the crime charged in the Second Superseding Indictment, that is, conspiracy to distribute a Schedule II substance, specifically five (5) kilograms or more of cocaine, knowing and intending that it would be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959 and 963. (ECF No. 11). At the plea hearing, counsel for both parties confirmed that the government has promised, in an email it to sent to defense counsel, that it will file a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines, Title 18 United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, that informs the Court that the defendant has provided substantial assistance and recommends that the Court reduce the defendant's sentence.

5. The parties also agreed to a written factual proffer, and had that document with them at the hearing. This too was later filed with the Court. Defendant said that he read that factual proffer, and agreed to its accuracy; he also confirmed that he signed it.

Government counsel identified all of the essential elements of the offense to which the Defendant plead guilty, including any sentencing enhancements and/or aggravating factors that may be applicable. The Court reviewed the factual proffer with the Defendant and he confirmed that it accurately summarizes how he committed the crime charged in the Second Superseding Indictment. I found that a factual basis exists for Defendant's plea of guilty. Defendant was also advised of the statutory maximum penalties. Defendant acknowledged that he understood these possible penalties, including the mandatory minimum ten (10) year period of imprisonment and maximum period of life imprisonment.

6. Based upon the foregoing, and the statements and findings at the plea colloquy which I incorporate into this Report and Recommendation, I find that Defendant was competent and capable of entering an informed plea, and that his guilty plea was knowing and voluntary and has factual support. I recommend that the Court adopt these findings, and adjudicate Defendant guilty of the crime charged in the Second Superseding Indictment.

7. The U.S. Probation Office will prepare a pre-sentence investigation report, and Judge Moore will schedule Defendant's sentencing by separate order.

Accordingly, I **RECOMMEND** that the Court accept Defendant's plea of guilty, adjudicate Defendant guilty of the crime charged in the Second Superseding Indictment, and that a sentencing hearing be conducted for final disposition of this matter.

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the

Honorable K. Michael Moore, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), 28 U.S.C. § 636(b)(1); Fed.R.Crim.P. 59(b), 11th Cir. R. 3-1 (2016).

      **RESPECTFULLY RECOMMENDED** this 10th day of January, 2023, at Miami, Florida.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE


cc:    The Honorable K. Michael Moore
        Counsel of record